EBENEZER SAGE and EBEN W. SAGE *against* THE MIDDLE-
TOWN INSURANCE COMPANY.

THIS was an action against the defendants, upon a policy of insurance on the body and inboard cargo of the brig *Ganges*, at and from *Gibraltar*, to the port of discharge in the *United States*, dated the 26th of *June*, 1811. The vessel sailed from *Gibraltar*, on the 21st of *May*, 1811, and before her arrival at the port of discharge, a loss, claimed to be within the policy, was sustained.

At the *December* term of the Superior Court, in 1812, it was suggested, in behalf of the defendants, that the plaintiffs had in their possession, sundry papers and documents relating to the voyage mentioned in the declaration, which were the owners during the voyage, the clearance and other custom-house papers in their possession, relating to the merits of the cause.

In an action at law, on a policy of insurance, the court will not compel the assured to produce, for the inspection of the underwriters, their instructions to the master of the vessel, the correspondence between

VOL. V.                    B b b

necessary for their defence : And thereupon, it was moved, that the court would order the plaintiffs to produce, on affidavit, their instructions to the master of the vessel, during the voyage, the log-book, the clearance, and other custom-house papers belonging to the same, the correspondence between the plaintiffs relating to the voyage, during the continuance thereof, and after the arrival of the vessel at *New-York*, together with all other papers, documents and exhibits, which the plaintiffs might have in their custody, and which were relevant to the cause ; and that the same be deposited with the clerk of the court, for a reasonable time ; and that the defendants be permitted to take copies or extracts from such of them, as might be deemed material in their defence.

At the time when the motion was made, the pleadings in the cause, were not closed. The motion was not argued before the court on the circuit ; but, by consent of the parties, was referred to the nine Judges, for their advice.

*C. Whittelsey*, for the defendants. In this case, two questions are presented for the consideration of the court.

1. Does a court of law possess the power of making the order required ? And if so,

2. Is it expedient to exercise such power ?

In relation to the first question, it is sufficient to remark, that in *England*, the principle here contended for, has been sanctioned : And it is difficult to perceive any valid objection to its adoption in this country. *Goldschmidt* v. *Marryat*, 1 *Campb. Rep.* 562. *Clifford* v. *Taylor*, 1 *Taunt. Rep.* 167.

As to the expediency of the rule, there can be no doubt. From the nature of the transactions in the present case, almost all the facts relating to the rights of the parties, are exclusively within the knowledge of the assured. The insurers are entitled to the benefit of a disclosure of these facts. *Marshall*, 334. The question, then, is, in what manner shall this disclosure be effected ? What reason can be assigned why a court of law cannot exercise the power necessary for this purpose ? It is admitted, that a court of chancery possesses the requisite authority. No sufficient reason can be

June, 1813.

SAGE
v.
MIDDLETOWN
INSURANCE
COMPANY.

given, why the insurers should be driven to a court of chancery for a discovery. This would occasion unreasonable expense and delay. The interests of commerce require, that questions relating to insurance, should be speedily determined. Why, then, may that not be done speedily, by order of a court of law, which can be effected by the tedious and circuitous course of chancery proceedings ?

*Hosmer,* contra. The present motion, in its principle, extends to the inspection of corporation muniments, in behalf of a stranger to the corporation ; to the inspection of books, &c. in suits between private persons ; to the compelling of witnesses to answer all questions, subjecting them to pecuniary disadvantage ; and, finally, with a little enlargement only, to all cases of discovery. It may be asked, whether a court of law possesses such powers ? The answer is, that they belong exclusively to a court of chancery.

The necessity of a discovery, in insurance cases, is not greater than in all other cases. The rule, therefore, if adopted, cannot be confined to them ; but must be extended to all cases, where a discovery may be necessary.

1. The principle involved in the present motion, is, that a court of law, on a summary hearing, will compel a party to furnish evidence against himself.

In *England,* in the court of Common Pleas, a recent practice has been adopted in insurance cases, the object of which was, to compel the production of papers, &c., and upon this authority alone, the present motion is attempted to be sustained. *Goldschmidt* v. *Marryat,* 1 *Campb. Rep.* 562. *Clifford* v. *Taylor,* 1 *Taunt. Rep.* 167. In the court of King's Bench, and court of Exchequer, no such practice has been adopted. In the case of *Hodges* v. *Atkis,* 3 *Wils. Rep.* 398. where a motion was made for a rule in behalf of a party, a private person, to inspect the books of a corporation, the court refused it ; and Lord Ch. J. *De Grey* said, " How has a stranger to a corporation more right to inspect their books, than the books of a private person ?" The same doctrine was sanctioned in the case of The *Mayor,* &c. of *South-*

*ampton* v. *Graves*, 8 *Term Rep.* 590. A similar principle seems to be established by the following authorities. *Anonymous*, 2 *Ves. Rep.* 621. *Peake's Ev.* 184. *Swift's Ev.* 78. *Hawkins* v. *Perkins*, 1 *Stra. Rep.* 406. 3 *Wood*, 173.

In the state of *New-York*, it has been determined, that a party wishing to avail himself of the benefit of a paper in the possession of his adversary, must give him notice to produce it on the trial ; and if the party refuses to produce the paper, evidence of its contents may be received. *Jackson* v. *Shearman*, 6 *Johns. Rep.* 19. *Waring* v. *Warren*, 1 *Johns. Rep.* 340. This practice evinces, that the court do not assume the power of compelling the production of papers ; because, in such case, parol evidence of the contents would not be admissible, and nothing short of the papers themselves could be received. This doctrine is also recognized in *Lawrence* v. *Van Horne*, 1 *Caines' Ca.* 286, 287. In the other states, also, it is the practice, in such cases, to give notice to produce papers, &c., and if not produced, to admit parol evidence of their contents. It has been determined in *Connecticut*, that a witness cannot be compelled to testify against his interest. *Storrs* v. *Wetmore*, *Kirby's Rep.* 203. *Swift's Ev.* 79.

2. The courts of chancery furnish a more adequate remedy for the discovery of papers, &c. than courts of law can do ; unless the judges are transformed into chancellors, and adopt their forms of proceeding. For, in the first place, a court will never compel a person to furnish evidence against himself, if his equitable right is equal, or superior to that of his adversary, so that a rigorous demand at law, may be successful. *Newl. Cont.* 515. The *Mayor*, &c. of *Southampton* v. *Graves*, 8 *Term Rep.* 592.

Secondly, it is important that a person served with notice to produce papers, should have a suitable mode of interposing his objections to a discovery.

Thirdly, the forms of chancery proceedings furnish this mode.

Fourthly, the forms of proceeding at law, on motion, summarily, do not furnish this mode ; nor can a general rule on which the courts at law must proceed, be formed, to embrace

all cases. The *Mayor, &c.* of *Southampton* v. *Graves*, 8 *Term Rep.* 592. Besides, this summary proceeding admits of no revisionary control.

And finally, it is the proper business of a chancellor, to protect the equitable rights of a person called upon to disclose facts, the knowledge of which may affect his interest.

The delay arising from this mode of proceeding is no greater than the interests of justice require ; and, therefore, can furnish no ground of argument against the rights of the plaintiffs.

MITCHELL, Ch. J. The question here presented, is, whether this court will advise the court below, to make an order to compel the plaintiffs to produce their instructions to the master of the vessel, the log-book, &c., lodge them with the clerk of the court, and allow the opposite party to take copies, &c.

It is insisted, by the counsel for the insurers, that the owners and ship-master are bound to deliver every thing within their knowledge, which contributes, in any manner, to do justice between the parties ; and the transaction having for its basis, the principles of the nicest honour, that all parties are bound to bring every thing to light, which may affect the cause. It was also, contended, that without this course, the underwriters would be at the mercy of the insured. And to shew, that this has been the practice, in *England, Goldschmidt* v. *Marryat*, 1 *Campb. Rep.* 562. and *Clifford* v. *Taylor*, 1 *Taunt. Rep.* 167., determined in the court of Common Pleas, are cited.

Two questions only can arise in the present case :

1. Whether the court have the power make the order ?
2. Whether it is expedient to make it ?

It might, in many cases, relieve a defendant from great trouble and expence, if the court should adopt a rule directing the plaintiff to disclose all the evidence in his possession, to the opposite party, before the trial ; but this would be a very extraordinary and novel practice, in our courts of law. Our courts have never gone further, in compelling a party to

produce evidence against himself, than to suffer the party claiming the benefit of a writing in the possession of his adversary, to give notice that such writing is needed on the trial, and if not produced, after reasonable notice, and a demand, to permit the contents to be proved, by evidence of an inferior nature. No precedent can be found, where the highest courts in *England*, have directed a party, even in a case like the present, to produce, and lay before the opposite party, all his evidence, before the trial. No such practice exists in trials before our courts, except in the action of *book debt*, and in the action of *account*.

There is but one solitary instance where a party can be compelled, in a suit at law, to disclose the whole evidence in the case ; and this is in the case of suits upon usurious contracts. In such cases, the defendant, by filing a complaint with the clerk of the court, stating the usurious contract, may obtain a disclosure from the plaintiff, under oath. This proceeding is authorised by statute, and is founded merely in necessity and policy.

It may be fairly inferred from the provisions of the statute just alluded to, that courts of law did not possess the general power of compelling a party to disclose, under oath, all the evidence in his possession. If such power existed prior to the statute, the provision was wholly unnecessary.

If the courts of law possess this power, they can, upon motion of a party, search into the truth of every complaint, as a court of chancery may do. This would entirely supersede the necessity of a court with chancery powers.

The object of the motion embraces all the instructions to the master of the vessel, all the correspondence between the master and owners, and between the owners themselves, during the voyage ; and after the arrival of the vessel in *America*, all papers and documents, and in truth, all the evidence, which the party conceives would injure the cause of the plaintiffs, and this too, under oath.

It is believed, that the court do not possess the power of making such order : And, be that as it may, the court is of opinion, that it would be inexpedient. It is impossible to

say, to what lengths such a precedent would lead. It would, at least, be opening the door still wider for the commission of perjury.

Whenever a disclosure is necessary for the purposes of justice, the courts of chancery are always open, and redress may be had.

The law inhibits the attorney from revealing the secrets of his client's cause, and forbids the proof of concessions of a party, made during a treaty for a settlement ; and yet, it is claimed, that a party, in an action at law, shall be compelled to disclose every fact, on which the defence of his adversary rests. Such a practice would shew a singular inconsistency in legal proceedings.

The motion must be denied.

All the other Judges concurred.

Motion denied.